Powell v. Williams and another.

Thomas Powell *v.* Thomas Williams and another.

A record certified by the Clerk of the court from which an appeal has been taken, as " containing a transcript of all the proceedings, as well as of all the documents filed in the case," is insufficient, though nothing else appear to raise a doubt as to its completeness, where there is no statement of facts, bill of exceptions, or assign. ment of errors apparent on the record. Appellants must bring up complete transcripts of the record, with all the evidence upon which the case was tried, or show good cause why they have not done so.

Where an appellant relies upon errors apparent on the face of the record, they must be pointed out in conformity to art. 697, of the Code of Practice.

Appeal form the Commercial Court of New Orleans, *Watts,* J. This was an action by the plaintiff, as holder and owner of certain promissory notes, drawn by the defendants. The latter excepted to the petition, alleging, that the matters therein set forth are in litigation between the same parties in an action pending before the Supreme Court ; and prayed to be dismissed with costs. The exception was overruled ; and the defendants, on a subsequent day, answered, protesting against the overruling of their exception, pleading a general denial as to some of the notes, and prescription and want of consideration, &c., as to the rest. There

was a judgment in favor of the plaintiff, for the sums claimed, with the exception of the amount of one of the notes. Kellar, one of the defendants, appealed.

The petition for an appeal represents, that the plaintiff "had obtained a judgment against the commercial firm of Kellar & Williams, for $2582, with interest; that the petitioner is informed, and believes, that there is error in said judgment, and that the exception was improperly overruled." The appeal bond recites, that "whereas the above bound John Kellar, has this day filed a petition of appeal from a final judgment rendered against him as partner," &c.

The record contains a memorandum signed by the counsel of both parties, which recites, that "it is agreed, that the records of the suits of *Kellar* v. *Williams,* and of *Williams* v. *Kellar,* introduced in evidence on the trial of the exception in this case, shall not be copied in the record in case of appeal, but the copy taken up on the appeal of Thomas Powell, in the above cases, shall be used in the Supreme Court." No other evidence was introduced on the trial of the exception; but three witnesses, whose testimony is not in the record, were examined on the trial.

The record in this case is certified by the clerk, "as containing a transcript of all the proceedings, as well as of all the documents filed in the case." The Judge of the court, *a qua,* attests, that it "contains all the documentary evidence adduced by the parties on the trial of the cause," except the records offered in evidence, and which it was agreed should be used from a transcript already in the Supreme Court.

A certificate of the Clerk of the inferior court, which, it was also agreed, should be used as if it had been annexed to the record at the time of taking the appeal, states, that "the record contains, with the exception of the records of the suits between Kellar and Williams, before mentioned, all the evidence adduced by the parties on the trial of the exception."

*C. M. Jones,* for the plaintiff, moved to dismiss the appeal, on account of the imperfection of the record.

*Hoffman,* for the appellant. The certificate of the Clerk, filed by consent, shows that the record contains all the evidence ad-

duced on the trial of the exception. The judgment overruling that, is the only part of the case the court is asked to review. There were two distinct judgments—one on the exception, the other on the merits. The appellant contends, that there is error in the first, but does not complain of the other. Art. 898, of the Code of Practice, declares, that the Supreme Court shall exercise jurisdiction, "*in so far* as it shall have knowledge of the matters argued, or contested below." A party may rely on an exception which he believes to have been illegally overruled, and leave his opponent to proceed on the merits.

GARLAND, J. This suit was instituted on six promissory notes, of two of which the plaintiff is the payee, and endorsee of the others. There was an exception of the pendency of the same matters in another suit, and a general denial. There was a judgment for the plaintiff, and the defendant Kellar has appealed. The appellee moves to dismiss the appeal, on the ground, that the record is imperfect, as there is no statement of facts, bill of exceptions, or assignment of errors, apparent on the face of the record, and neither the Clerk or Judge certifies, that the record contains all the evidence on which the cause was tried in the court below. The Judge certifies, that it contains all the documentary evidence, adduced by the parties. The Clerk states, that the record contains a transcript of all the proceedings, as well as of all the documents filed in the cause. These certificates are insufficient, supposing that nothing else appeared to raise a doubt upon the subject; but the record shows, that several witnesses were examined, whose evidence was not taken down. It does not appear that the defendant made any effort, by application to the opposite party, or the Judge, to obtain a statement of facts.

We have repeatedly held, that appellants must bring up complete transcripts of records, and all the evidence upon which causes were tried below, or show good cause why they have not done so. If appellants rely upon errors apparent on the face of a record, they must be pointed out in conformity to the article 897, of the Code of Practice.

*Appeal dismissed.*